# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DEMARCUS SULLIVAN, | § | |
| *Plaintiffs*, | § § § | |
| v. | § § § | CIVIL ACTION NO. 4:20-CV-00662 Judge Mazzant |
| SCHLUMBERGER LIMITED, SCHLUMBERGER TECHNOLOGY CORPORATION, and ELWOOD STAFFING SERVICES, INC., | § § § § § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Amended Emergency Motion for Protective Order and to Quash Subpoena (Dkt. #28). Having considered the motion and the relevant pleadings, the Court finds that Plaintiff's motion should be **DENIED**.

### BACKGROUND

This case arises out of an employer-employee relationship whereby Plaintiff alleges claims of disparate treatment, interference, and a hostile work environment under the Civil Rights Act of 1866, 42 U.S.C. § 1981. To better understand the nature of the claims, the Court will briefly outline the pertinent facts.

Elmwood Staffing Services, Inc. ("Elmwood") is a temporary staffing agency. In October of 2017, Elmwood assigned Plaintiff to work temporarily as a materials handler at Schlumberger Technology Corporation's ("STC") maintenance facility in Denton, Texas. Throughout Plaintiff's assignment at STC, he remained an employee of Elmwood.

Plaintiff worked at STC for approximately ten months. During those months, Plaintiff claims he was subject to racial harassment and discrimination by STC employees. Plaintiff allegedly reported the harassment and discrimination to both Schlumberger's Human Resources Department and his supervisors, but he never received a report of an investigation by the department. In September of 2018, STC informed Elwood that it had released Plaintiff from the job assignment due to issues with Plaintiff's job performance. According to Plaintiff, STC released him because he reported concerns about racial discrimination.

On March 1, 2021, Plaintiff filed an Emergency Motion for Protective Order and to Quash Subpoena (Dkt. #27). The same day, Plaintiff filed an Amended Emergency Motion for Protective Order and to Quash Subpoena (Dkt. #28). On March 3, 2021, Schlumberger Limited ("Schlumberger") and STC (collectively, the "Schlumberger Defendants") filed a response (Dkt. #30).

## LEGAL STANDARD

### I. Protective Order

Under Federal Rule of Civil Procedure 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). The burden is upon the party seeking the protective order "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (internal quotation marks and citation omitted). Therefore, a protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Laundry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). The Court has broad discretion in determining whether to grant a motion for protective

order because it is "in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

## II. Quash

Pursuant to Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any non[-]privileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). Relevance, for the purposes of Rule 26(b)(1), is when the request is reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1); *Crosby v. La. Health & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). Relevant information includes "any matter that bears on, or that could reasonably lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In other words, "[r]elevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)). Consequently, "[u]nless it is clear that the information sought can have no possible bearing on the claim or defense of a party, the request for discovery should be allowed." *Brady*, 238 F.R.D. at 437. The Court has provided guidance in matters of discovery. The Court's scheduling order requires that the parties produce, as part of their initial disclosure, "documents containing, information 'relevant to the claim or defense of any party.'" (Dkt. #21 at p. 3). Moreover, the Local Rules of the Eastern District of Texas provide further guidance suggesting that information is "relevant to any party's claim or defense [if]: (1) it includes information that would not support the disclosing parties' contentions; . . . (4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or

3

defense. . . ." LOCAL RULE CV-26(d). It is well established that "control of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

Pursuant to Rule 45(d)(3), upon timely motion, "the court for the district where compliance is required must quash or modify a subpoena that," *inter alia*, requires disclosure of privileged or protected matter or subjects a person to undue burden. FED. R. CIV. P. 45(d)(3)(A). "The court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *RYH Properties, LLC v. West*, 2011 WL 13196550, at *2 (E.D. Tex. Feb. 3, 2011) (citing *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003)). When determining whether a subpoena is unduly burdensome, a court may consider: "(1) relevance of the information requested, (2) the need of the party for the documents, (3) the breadth of the document request, (4) the time period covered by the request, (5) the particularity with which the party describes the requested documents, and (6) the burden imposed." *West*, 2011 WL 13196550, at *2 (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004); *Brady*, 238 F.R.D. at 437). The Court may also consider whether "the subpoena was issued to a non-party to the litigation and the expense and inconvenience of compliance to the non-party." *Id.* (citing *Wiwa*, 392 F.3d at 818). The moving party has the burden of showing "that compliance with the subpoena[s] would be unreasonable and oppressive." *Wiwa*, 392 F.3d at 818.

## ANALYSIS

The Schlumberger Defendants issued a subpoena to Aerotek Aviation LLC ("Aerotek"), Plaintiff's former employer. In the subpoena, the Schlumberger Defendants sought the production of:

> All of [Plaintiff's] personnel files and records, including but not limited to all performance evaluations, peer reviews, compensation history, records of any disciplinary actions taken against [Plaintiff], and records of participation in health benefits and pension or retirement plans that were sponsored or offered by Aerotek Aviation LLC

(Dkt. #28, Exhibit 2 at p. 5). The subpoena also commanded the production of "[a]ll documents related to any complaints of discrimination made by [Plaintiff] and all documents related to the resolution of those complaints" (Dkt. #28, Exhibit 2 at p. 5). The Schlumberger Defendants also sought to depose the Custodian of Records for Aerotek by written questions. The subpoena's date of compliance is March 10, 2021 at 12:00 p.m.

Plaintiff first asks the Court for a protective order. In support of his request, Plaintiff notes his privacy interest in the records maintained by Aerotek. Plaintiff further cites potential reputational damage as a reason the Court should issue a protective order to ensure "that the proposed discovery does not take place" (Dkt. #28 at pp. 6–7).

Plaintiff also asks the Court to quash the subpoena served on Aerotek. Plaintiff claims the Schlumberger Defendants issued the subpoena without giving sufficient notice to Plaintiff, and the subpoena should therefore be quashed under Federal Rule of Civil Procedure 45. Additionally, Plaintiff asserts that the subpoena seeks irrelevant information. Plaintiff argues that "[f]ederal courts have . . . quashed subpoenas just like the one at issue in this [m]otion because such subpoenas constitute impermissible fishing expeditions and have an oppressive and chilling effect on victims of employment discrimination" (Dkt. #28 at p. 4).

The Schlumberger Defendants first respond that Plaintiff has not demonstrated good cause to justify a protective order. Further, the Schlumberger Defendants assert that they properly notified Plaintiff under Rule 45, and that the subpoena seeks relevant, discoverable information. Specifically, the Schlumberger Defendants argue that records from Plaintiff's former employer are

5

relevant and likely to lead to the discovery of admissible evidence. The Schlumberger Defendants also claim that Plaintiff's motion fails to provide any justification for limiting the scope of discovery.

The Court will address each of Plaintiff's arguments in turn.

## I. Protective Order

Federal Rule of Civil Procedure 26(c) outlines the procedure for obtaining a protective order. Specifically, Rule 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." FED. R. CIV. P. 26(c)(1). "Rule 26(c)'s requirement of showing good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *In re Terra Int'l., Inc.*, 134 F.3d at 306 (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

To support his request for a protective order, Plaintiff makes broad assertions regarding his privacy interests in personnel files. Plaintiff further cites to the "sensitive, private, and confidential information" the Schlumberger Defendants might uncover through their "scouring" of Plaintiff's records (Dkt. #28 at pp. 6–7). Plaintiff also makes the conclusory allegation that " despite anti-retaliation provisions built into the law, employers naturally prefer not to hire individuals who have sued or are suing other employers for discrimination and retaliation" (Dkt. #28 at p. 6). However, Plaintiff offers no affidavits or other evidence supporting any of his claims. Plaintiff does offer case law; however, the Court notes that the parties in the cited cases offered no reason for the broad discovery sought. As the Court will analyze further below, the Schlumberger

6

Defendants do offer insight into why the personnel files and records of Plaintiff are relevant and likely to lead to admissible evidence.

Plaintiff relies upon his general interest in privacy and the overarching conclusion that his reputation might be damaged if the Schlumberger Defendants receive his records.  The Court is persuaded that these assertions as presented before the Court are exactly the type of "stereotyped and conclusory statements" that will not support the issuance of a protective order.  *See Garrett*, 571 F.2d at 1323, n.3; *see also In re Terra*, 134 F.3d at 306–07.  Thus, the Court declines to issue a protective order preventing the discovery sought by the Schlumberger Defendants.

## II.  Quash

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas.  Rule 45(d)(3) requires a court to

> quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

FED. R. CIV. P. 45(d)(3).  Plaintiff does not appear to contend that the subpoena served on Aerotek falls within any of the four categories in Rule 45(d)(3).  Rather, Plaintiff contends that the Schlumberger Defendants did not adequately notify Plaintiff before serving the subpoena on Aerotek.  Further, Plaintiff alleges that the information sought by the subpoena is irrelevant.

### a. Notice

Federal Rule of Civil Procedure Rule 45(a) outlines the general requirements of obtaining and issuing a subpoena.  Specifically, Rule 45(a)(4) provides "[i]f the subpoena commands the production of documents[] [or] electronically stored information . . . then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." FED. R. CIV. P. 45(a)(4).  However, Rule 45(a)(4) is silent as to how much time must elapse

7

between notice and a copy being served on each party and the ultimate issuance of the subpoena. As noted by both parties, "[t]he 'purpose of such notice is to afford other parties an opportunity to object to the production or inspection'" of the documents or records sought. *Hall v. Louisiana*, No. 12-657-BAJ-RLB, 2014 WL 1652791, at *12 (M.D. La. Apr. 23, 2014) (quoting *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp. Inc.*, No. 97-3012, 1998 WL 186705, at *7 (E.D. La. Apr. 17, 1998) (citing prior version at FED. R. CIV. P. 45(b)(1))).

Plaintiff's counsel received a faxed copy of the subpoena on Wednesday, February 24, 2021, at 2:47 p.m. The subpoena was subsequently served on Aerotek on February 26, 2021. The Court is not persuaded that Plaintiff did not have time to raise objections in the time between receiving notice and a copy of the subpoena and the time the subpoena was ultimately issued. Nor is the Court convinced that, under the language of Rule 45(a), the Schlumberger Defendants had to wait until Plaintiff's objections to the subpoena were resolved to issue the subpoena. As previously noted, the language of Rule 45(a) does not specify how much notice must be given to the other party. In the Court's view, Plaintiff had an opportunity to object to the production of his records, thus satisfying the goal set out in the advisory committee notes to Rule 45(a). *See* FED. R. CIV. P. 45(a) advisory committee's notes to 2013 amendment (noting that "[t]he amendments are intended to achieve the original purpose of enabling the other parties to object or to serve a subpoena for additional materials"). The Court therefore declines to quash the subpoena under the notice requirement of Rule 45(a).

   b. **Relevance**

Plaintiff asserts that the Court should quash the subpoena because the records at issue "will not contain any information of relevance to this case" (Dkt. #28 at p. 6).[1] Plaintiff also argues that

---

[1] The Court notes that Plaintiff does refer to the subpoena as "broad and sweeping" (Dkt. #28 at p. 6). However, Plaintiff does not appear to make the argument that the subpoena is overbroad, or that it impermissibly "subjects a

8

"[t]he Federal U.S. District Courts sitting in Texas have recognized that plaintiffs bringing employment discrimination claims have a protectable privacy interest in personnel files maintained by former and subsequent employers" and that these courts "have quashed subpoenas issued to non-party employers for prior and subsequent employment records" (Dkt. #28 at p. 3). The Schlumberger Defendants respond that the subpoena does, in fact, seek relevant information. According to the Schlumberger Defendants, the records sought from Aerotek are both relevant and likely to lead to the discovery of admissible evidence.

Federal Rule of Civil Procedure 26(b) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED R. CIV. P. 26(b)(1). Federal Rule of Evidence 401 outlines the test for relevancy: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401.

The Schlumberger Defendants seek all of Plaintiff's "personnel files and records" (Dkt. #28, Exhibit 2 at p. 5). These files and records include "all performance evaluations, peer reviews, compensation history, records of any disciplinary actions taken against . . . [Plaintiff], and records of participation in health benefits and pension or retirement plans . . . sponsored or offered by Aerotek" (Dkt. #28, Exhibit 2 at p. 5). The Schlumberger Defendants classified the groups of

---

person to undue burden." *See* FED. R. CIV. P. 45(d)(3). Plaintiff does offer that, if the subpoena were not quashed or greatly modified, it "will impose unnecessary litigation burdens, litigation delays, and litigation expenses on Plaintiff" (Dkt. #28 at p. 7). However, the Court is not persuaded that remark alone constitutes a convincing Rule 45(d)(3) argument.

9

documents as: (1) Plaintiff's workplace performance and complaints; and (2) Plaintiff's received benefits and compensation. The Court will address each category.

### i. Workplace Performance and Complaints

The Schlumberger Defendants assert that "[r]ecords relating to Plaintiff's performance and complaints at other employers are . . . directly relevant to the parties' claims and defenses" (Dkt. #30 at p. 7). The Court agrees.

The records relating to Plaintiff's workplace performance at Aerotek "could suggest [Plaintiff] similarly did not meet expectations during his time" with the company, which would tend to make the Schlumberger Defendant's defense that Plaintiff was terminated for workplace performance more likely. *Cunningham v. Concentrix Sols. Corp.*, No. 4:20-cv-00661, 2021 WL 425098, at *3 (E.D. Tex. Feb. 8, 2021). Similarly, records of Plaintiff's complaints at Aerotek are also relevant: Defendant has asserted that Plaintiff has "previously admitted in a deposition in another matter that he has complained of harassment against at least one former employer" (Dkt. #30 at p. 7). The documents regarding Plaintiff's complaints could therefore go to his credibility and "motive for filing the lawsuit." *Cunningham,* 2021 WL 425098, at *3. Further, documents regarding Plaintiff's complaints could tend to make the facts supporting his claim more or less likely, depending on whether he raised the same or similar complaints with Aerotek.

### ii. Received Benefits and Compensation

The Schlumberger Defendants claim that records relating to Plaintiff received benefits and compensation are "directly relevant to Plaintiff's claims for compensatory relief" (Dkt. #30 at p. 11). The Court agrees.

The records sought regarding Plaintiff's received benefits and compensation are relevant to Plaintiff's earning capacity. *See Cunningham*, 2021 WL 425098, at *3. Further, the records

10

are relevant because they "provid[e] insight into whether [Plaintiff] mitigated damages post-employment." *Id.*

The Court is persuaded that Plaintiff's personnel file and records from Aerotek are relevant. Thus, the Court declines to quash the subpoena.

The Schlumberger Defendants also argue that Plaintiff failed to provide any justification for limiting the scope of discovery. As analyzed above, the Court finds no reason to quash the subpoena or issue a protective order over the personnel files and records. The Court further finds no reason to limit the scope of discovery, in part due to the existence of the Protective Order in this case (Dkt. #25). The Court is confident that the Protective Order will adequately shield information the parties properly deem confidential—thus alleviating Plaintiff's privacy concerns. Additionally, the Court is not convinced that Plaintiff has shown the Schlumberger Defendants are on a "impermissible fishing expedition" (Dkt. #28 at p. 4). As analyzed above, the Schlumberger Defendants have sought relevant information from Aerotek. The Court finds no reason to limit the scope of discovery under Rule 26(b)(1). *See* FED. R. CIV. P. 26(b)(1).

Plaintiff urges Federal Rule of Evidence 404's prohibition on the use of character evidence to support his relevancy argument. *See* FED. R. EVID. 404. However, procedural mechanisms are in place to prevent the use of inadmissible evidence. Plaintiff may choose to utilize such mechanisms if the time comes when they become necessary.

It is therefore **ORDERED** that Plaintiff's Amended Emergency Motion for Protective Order and to Quash Subpoena (Dkt. #28) is hereby **DENIED**.

It is further **ORDERED** that Plaintiff's Emergency Motion for Protective Order and to Quash Subpoena (Dkt. #27) is hereby **DENIED as moot**.

**SIGNED this 8th day of March, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE