# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DEMARCUS SULLIVAN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  4:20-CV-00662 |
| | § | Judge Mazzant |
| SCHLUMBERGER LIMITED, | § | |
| SCHLUMBERGER TECHNOLOGY | § | |
| CORPORATION, and ELWOOD | § | |
| STAFFING SERVICES, INC., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Leave to Depose (Dkt. #53).  Having considered the motion and the relevant pleadings, the Court finds that Plaintiff's motion should be granted.

### BACKGROUND

This case arises out of an employer-employee relationship whereby DeMarcus Sullivan ("Sullivan") alleges claims of  disparate treatment, interference, and a hostile work environment under the Civil Rights Act of 1866, 42 U.S.C. § 1981.  To better understand the nature of the claims, the Court will briefly outline the pertinent facts.

Elwood Staffing Services, Inc. ("Elwood") is a temporary staffing agency.  In October of 2017, Elwood assigned Sullivan to work temporarily as a materials handler at Schlumberger Technology Corporation's ("STC") maintenance facility in Denton, Texas.  Throughout Sullivan's assignment at STC, he remained an employee of Elwood.

Sullivan worked at STC for approximately ten months. During those months, Sullivan claims he was subject to racial harassment and discrimination by STC employees. Sullivan allegedly reported the harassment and discrimination to both Schlumberger's Human Resources Department and his supervisors, but he never received a report of an investigation by the department. In September of 2018, STC informed Elwood that it had released Sullivan from the job assignment due to issues with Sullivan's job performance. According to Sullivan, STC released him because he reported concerns about racial discrimination.

On July 9, 2021, Sullivan filed the present motion (Dkt. #53). On July 20, 2021, Schlumberger Limited and STC (collectively, "Schlumberger") filed their response (Dkt. #72). On July 26, 2021, Sullivan filed a reply (Dkt. #78).

## ANALYSIS

Sullivan asks the Court to grant him leave to depose additional witnesses. Sullivan specifically seeks to take the deposition of: (1) Kimberley Zidan ("Zidan"), a human resources compliance professional employed by Schlumberger; (2) Krisi Johansen ("Johansen"), a human resources compliance professional employed by Schlumberger; and (3) Gaynor Richardson ("Richardson"), a human resources manager employed by Schlumberger.

Schlumberger responds that Sullivan's "request to conduct three additional depositions beyond the [ten]-deposition limit imposed by the Rules is excessive and should be denied" (Dkt. #72 at p. 1). Specifically, Schlumberger asserts that Sullivan "has exceeded the ten-deposition limit[,]" and Sullivan "has failed to meet [his] burden to justify the need for additional depositions" (Dkt. #72 at pp. 3, 5).

### I. Leave to Exceed Ten-Deposition Limit

As an initial matter, Federal Rule of Civil Procedure 30(a) presumptively limits the number of allowed depositions per side in a case to ten. *See* FED. R. CIV. P. 30(a). Sullivan provides a list of nine individuals that he has already deposed: (1) Schlumberger Limited 30(b)(6) (Clintarisha Kenebrew); (2) Schlumberger Technology 30(b)(6) (Joseph Sharp, Clintarisha Kenebrew, and Damian Puentes); (3) Elwood 30(b)(6) (John Niedermeyer, Lia Elliot); (4) Fredrick Tausch; (5) Jamie Ferriman; (6) Veronica Alesna; (7) Ben Vance; (8) Travis Pitre; and (9) Hoa Trang. Sullivan contends he "also requested and scheduled by agreement the deposition of Schlumberger's expert witness, Gerald Whitney Smith as the tenth deposition" (Dkt. #53 at p. 2). According to Sullivan, "on June 25, 2021, Schlumberger disclosed key witnesses in the case for the first time[,]" and "[e]ach of these persons were involved in the investigation of Mr. Sullivan's complaints before he was terminated" (Dkt. #53 at p. 2). Thus, Sullivan asserts he should be able to take the depositions of the additional witnesses.

Schlumberger responds that Sullivan has not taken nine depositions; rather, he has already taken twelve. In support of this calculation, Schlumberger notes that Sullivan took the deposition of STC's Rule 30(b)(6) representatives in both their official and individual capacities. Schlumberger argues that "[a]ccounting for the depositions [Sullivan] took of Defendants' Rule 30(b)(6) designees in their individual capacities, [Sullivan] to date has conducted a total of twelve depositions in this case, and even if the Court only considers the most egregious example, that of witness Joseph Sharp, [Sullivan] has still reached his ten-deposition limit" (Dkt. #72 at pp. 4–5).

No dispute appears to exist that allowing additional depositions will exceed the presumptive ten-deposition limit imposed by Federal Rule of Civil Procedure 30(a). As such, the Court need not determine whether Sullivan has taken ten or twelve depositions—the result remains

3

the same: Sullivan must obtain leave to depose the additional three individuals. The Court will therefore address whether such leave should be granted.

## II. Need for Additional Depositions

Under the relevant portion of Rule 30(a):

(2) A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):

> (A) if the parties have not stipulated to the deposition and:
>
>> (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants.

FED. R. CIV. P. 30(a)(2)(A)(i).

After considering the parties' arguments, the Court is persuaded that granting leave to depose the additional three witnesses—Zidan, Johansen, and Richardson—is appropriate. Each of the additional witnesses was allegedly "involved in the investigation of Mr. Sullivan's complaints before he was terminated" (Dkt. #53 at p. 2). Further, Sullivan contends the additional depositions are necessary "to determine the investigation of Mr. Sullivan's claims by both Schlumberger entities, as well as their polices and procedures for discrimination, retaliation, and investigations" (Dkt. #78 at p. 2).

Because Sullivan's claims are premised upon his purportedly unlawful termination, he should have the ability to discover what relevant information the human resource compliance professionals and manager at Schlumberger possess.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Leave to Depose (Dkt. #53) is hereby **GRANTED**.

**SIGNED this 29th day of July, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE