# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| DEMARCUS SULLIVAN, § <br> § <br> *Plaintiff*, § <br> § <br> v. §     Civil Action No. 4:20-CV-00662 <br> §     Judge Mazzant <br> § <br> SCHLUMBERGER LIMITED, § <br> SCHLUMBERGER TECHNOLOGY § <br> CORPORATION, AND ELWOOD § <br> STAFFING SERVICES, INC., § <br> § <br> *Defendants*. | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Summary Judgment (Dkt. #56). Having considered the pleadings and the relevant arguments, the Court finds the motion should be **DENIED**.

## BACKGROUND

This case arises out of an employer-employee relationship whereby Plaintiff DeMarcus Sullivan ("Sullivan") alleges claims of disparate treatment, interference, and a hostile work environment under the Civil Rights Act of 1866, 42 U.S.C. § 1981. Elwood Staffing Services, Inc. ("Elwood") is a temporary staffing agency. In October 2017, Elwood assigned Sullivan to work temporarily as a materials handler at Schlumberger Technology Corporation's ("STC") maintenance facility in Denton, Texas. Schlumberger Limited ("Limited") is a corporate parent of STC but maintained no operations at STC's Denton facility. Throughout Sullivan's assignment at STC, he remained an employee of Elwood.

Sullivan worked at STC for approximately ten months. During those months, Sullivan claims he was subject to racial harassment and discrimination by STC employees. Sullivan

allegedly reported the harassment and discrimination to both Schlumberger's Human Resources Department and his supervisors, but he never received a report of an investigation by the department. In September of 2018, STC informed Elwood that it had released Sullivan from the job assignment due to issues with Sullivan's job performance. According to Sullivan, STC released him because he reported concerns about racial discrimination.

On July 15, 2021, Elwood and STC filed this motion for summary judgment, asserting that each of Sullivan's claims fail as a matter of law (Dkt. #56). Sullivan responded on September 21, 2021 (Dkt. #99). On September 29, 2021, Limited filed its reply (Dkt. #106).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden

of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure all of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

After careful review of the record and the arguments presented, the Court finds Defendants have not met their burden of demonstrating that there is no material issue of fact entitling them to judgment as a matter of law on any of Plaintiff's asserted claims. The case should proceed to trial.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Summary Judgment (Dkt. #56) is hereby **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 1st day of March, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE